UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| SALVADOR CONTRERAS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | 13 C 7306 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| KIM BUTLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Salvador Contreras, an Illinois prisoner, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The Warden has moved to dismiss the petition, arguing that Contreras failed to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Doc. 12. The Warden's motion is granted, the petition is dismissed, and a certificate of appealability is denied.

In 2006, Contreras was convicted of first-degree murder and concealment of a homicidal death and was sentenced to a lengthy term of imprisonment. The Appellate Court of Illinois affirmed. *People v. Contreras*, No. 1-06-2952 (Ill. App. Aug. 22, 2008) (reproduced at Doc. 15-1 at 1-45). On November 26, 2008, the Supreme Court of Illinois denied Contreras's petition for leave to appeal ("PLA"). *People v. Contreras*, 900 N.E.2d 1120 (Ill. 2008) (reproduced at Doc. 15-1 at 46). Contreras did not petition the United States Supreme Court for certiorari.

On November 1, 2009, Contreras filed a post-conviction petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq*. Doc. 15-2 at 55-101. The state trial court denied the petition, Doc. 15-2 at 102-112, and the state appellate court affirmed, *People v. Contreras*, 2012 IL App (1st) 100704-U (Ill. App. June 8, 2012) (reproduced at Doc. 15-3 at 1-

9).  On May 29, 2013, the state supreme court denied Contreras's PLA.  *People v. Contreras*, No. 115691 (Ill. May 29, 2013) (reproduced at Doc. 15-3 at 10).

Contreras then filed this federal habeas petition.  Doc. 1.  The Clerk received the petition on October 10, 2013, *id*. at 1, but Contreras dated the petition October 4, 2013, so the court will give Contreras the benefit of the doubt and deem him to have filed it on that date, which is the earliest date on which the mailbox rule could apply.  *See Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999).  Section § 2244(d)(1) provides that a "1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  Subject to the exceptions set forth in § 2244(d)(1)(B)-(D), § 2244(d)(1)(A) states that "[t]he limitation period shall run from … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012) ("AEDPA establishes a 1-year limitations period for state prisoners to file for federal habeas relief, which 'run[s] from the latest of' four specified dates.") (quoting 28 U.S.C. § 2244(d)(1)); *Socha v. Pollard*, 621 F.3d 667, 671 (7th Cir. 2010) ("[t]hat one-year period is typically measured from the date when the state courts are finally finished with the case, although there are some exceptions to that rule").

Because the state supreme court denied Contreras's direct review PLA on November 26, 2008, and because Contreras did not seek certiorari to the United States Supreme Court, the judgment became final under § 2244(d)(1)(A) ninety days later, on February 24, 2009.  *See Gonzalez*, 132 S. Ct. at 653-54 (holding that if the habeas petitioner does not seek certiorari to the United States Supreme Court, "the judgment becomes final … when the time for pursuing direct review in [the Supreme] Court … expires"); Sup. Ct. R. 13.1 (providing that a certiorari petition "is timely when it is filed with the Clerk within 90 days after entry of the order denying

2

discretionary review"). On November 1, 2009, 249 days later, Contreras filed his state post-conviction petition, which tolled the running of the limitations period while the post-conviction proceedings were pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The tolling ended, and the running of the limitations period recommenced, when the state supreme court denied Contreras's post-conviction PLA on May 29, 2013. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that § 2244(d)(2) tolling lasts "only while state courts review the application," and because "[the United States Supreme] Court is not a part of a 'State's post-conviction procedures[,] … State review ends when the state courts have finally resolved an application for state postconviction relief"); *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006) (same).

Contreras is deemed to have filed his habeas petition in this court 129 days later, on October 4, 2013. By that time, 378 days had elapsed under § 2244(d)(1)(A)—the 249 days between the date Contreras's criminal judgment became final on direct review and the date he filed his state post-conviction petition, plus the 129 days between the state supreme court's denial of his post-conviction PLA and the date he filed his federal habeas petition. Contreras's petition therefore is untimely, by about two weeks, under the limitations period as measured by § 2244(d)(1)(A). Contreras concedes this point in both his petition and his response to the Warden's motion to dismiss. Doc. 1-1 at 7-9; Doc. 19 at 2.

As noted above, it is possible that a habeas petition untimely under § 2244(d)(1)(A) could be timely under § 2244(d)(1)(B)-(D). *See* 28 U.S.C. § 2244(d)(1) (providing that the "limitations period shall run from the latest of" the dates set forth in § 2244(d)(1)(A)-(D)); *Escamilla v.*

*Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) (holding that § 2244(d)(1)(D), if applicable, grants a habeas petitioner a "fresh year"), *abrogated on other grounds by McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) ("three other statutory exceptions may delay accrual of this statute of limitations") (citing 28 U.S.C. § 2244(d)(1)(B), (C), (D)). It is Contreras's burden to show that § 2244(d)(1)(B), (C), or (D) applies. *See Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012) (holding that where the Warden "raises [a § 2244] statute of limitations defense, the petitioner must come forward with some evidence to support his claim that … 365 countable days have not elapsed from the time his state-court judgment became final to the time he filed his federal habeas petition"); *Stamps v. Duncan*, 2014 WL 3748638, at *2 (N.D. Ill. July 30, 2014) (same); *Ford v. Lundquist*, 2007 WL 5514743, at *2 (W.D. Wis. Jan. 3, 2007) ("If the state raises the statute of limitations defense, then it will be petitioner's burden to show that the statute should be tolled under one of the provisions set forth in § 2244(d)(1)(B)-(D) or for other, equitable reasons.").

Contreras has not argued, let alone shown, that the limitations period should be measured from § 2244(d)(1)(C), which applies where a newly recognized constitutional right is made retroactively applicable to cases on collateral review, or § 2244(d)(1)(D), which applies where the petitioner discovers a new factual predicate that could not have been discovered through the exercise of due diligence. Any such argument accordingly is forfeited. *See Broadus v. Jones*, 390 F. App'x 804, 807-08 (10th Cir. 2010) (holding that the petitioner forfeited any argument that his habeas petition was timely under § 2244(d)(1)(B) and (D) by not raising the argument in the district court); *Stamps*, 2014 WL 3748638, at *2 (same for § 2244(d)(1)(C) and (D)); *Ramey v. Akpore*, 2014 WL 201843, at *2 (N.D. Ill. Jan. 17, 2014) (same for § 2244(d)(1)(B), (C), and (D)). Contreras does argue, however, that the limitations period should be measured under

§ 2244(d)(1)(B), which provides that the limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action." Doc. 1-1 at 7. He points to four allegedly state-created impediments, but his submissions have no merit.

First, Contreras maintains that Illinois Department of Corrections Offense 211, which prohibits inmates from "[p]ossessing or soliciting unauthorized personal information regarding another offender, releasee, employee, or former employee," 20 Ill. Admin. Code § 504, App. A, Offense 211 (2013), posed a state-created impediment. The rule does not prohibit inmates from assisting one another with legal paperwork; rather, it merely prohibits inmates from bartering legal services in exchange for contraband. As one court explained:

> Plaintiff alleges that refusing to allow him to possess legal documents of other inmates so he could provide legal assistance to them violates his First Amendment free speech rights. However, as an inmate, he is entitled only to those First Amendment rights that are not inconsistent with the Department's legitimate penological objectives, and allowing inmates to possess other inmates' legal property creates security problems. Although the Department's rules allow inmates to assist each other, they are not allowed to possess other inmates' legal property because it helps prevent them from bartering legal services for contraband.

*Hibberd v. Jennings*, 2011 WL 1232149, at *15 (C.D. Ill. Mar. 30, 2011). Contreras does not assert that he was prohibited from sharing his legal materials with other inmates to obtain assistance with preparing his petition; nor could he, as a prisoner law clerk avers to have prepared Contreras's petition for him. Doc. 1-1 at 15. Moreover, Contreras acknowledges that his petition had been completed on September 6, 2013, about two weeks before the limitations period expired. Doc. 1-1 at 8; Doc. 19 at 13. These undisputed facts are fatal to Contreras's argument, as "the plain language of [§ 2244(d)(1)(B)] makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition," and the supposed impediment

5

posed by Offense 211 did no such thing. *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002); *see also Stamps*, 2014 WL 3748638, at \*2 ("the impediment, such as it was, did not cause his late filing, which in turn means that § 2244(d)(1)(B) does not apply"). And nowhere does Stamps argue, let alone show, that Offense 211 violated "the Constitution or laws of the United States," another predicate for applying § 2244(d)(1)(B). *See Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004).

Second, Contreras contends that a delay in the prison's sending him a copy of his prisoner trust fund account prevented him from timely filing his petition. Doc. 19 at 4. However, as Contreras acknowledges, *id*. at 6, Rule 3(b) of the Section 2254 Rules provides that a prisoner does not need access to his trust fund balance to file a § 2254 habeas petition. *See* 2004 Advisory Committee Notes to Rule 3(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("the clerk would also be required to file the [habeas] petition even though it lacked the requisite filing fee or an *in forma pauperis* form"). In any event, Contreras does not claim that he was unable to pay the very modest five dollar filing fee. *See* 28 U.S.C. § 1914(a) ("on application for a writ of habeas corpus the filing fee shall be $5"). Nor could he plausibly make that claim; the court denied Contreras's *in forma pauperis* application on the ground that his trust fund balance of $447.12 meant that he could pay the five dollar filing fee, and he in fact did pay that fee. Docs. 5-6. Accordingly, the prison's allegedly slow response to Contreras's request for a copy of his trust fund account does not constitute an impediment that prevented him from timely filing his petition.

Third, Contreras maintains that his law clerk was incompetent because the clerk failed to comprehend that he could have timely filed his petition without a copy of his prisoner trust fund account. Doc. 19 at 5-6. This argument is without merit. Habeas petitioners not under a death

6

sentence have no right to any legal representation, *see Ballinger v. United States*, 379 F.3d 427, 430 (7th Cir. 2004); *Johnson v. Daley*, 339 F.3d 582, 590 (7th Cir. 2003), let alone a right to adequate representation, *see Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005), so it follows that a mistake made by a prison law clerk is not a state-created impediment within the meaning of § 2244(d)(1)(B). *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) ("attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client and is not a circumstance beyond a petitioner's control that might excuse an untimely petition") (internal quotation marks and citations omitted).

Fourth, Contreras contends that this District's § 2254 habeas petition form misled him into erroneously applying the mailbox rule. Doc. 19 at 7-8. But the form does not mention the mailbox rule and offers no general instructions on mailing. Doc. 1. It follows that the form was not a state-created (or government-created) impediment to a timely filing. In any event, as noted above, the court has given Contreras the maximum benefit he could have received under the mailbox rule, deeming him to have filed the petition on October 4, 2013, the day he signed it.

In the alternative to arguing that the limitations period should be measured under § 2244(d)(1)(B), Contreras attempts to invoke the equitable tolling doctrine. Doc. 1-1 at 8-9; Doc. 19 at 9-14. Equitable tolling is an "extraordinary remedy," *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013), one that "is rarely granted," *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (internal quotation marks omitted). The Supreme Court has held that a federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "The petitioner seeking equitable tolling bears the burden of establishing that it is warranted."

*Obriecht*, 727 F.3d at 748.  Contreras cannot satisfy his burden on either element of the equitable tolling doctrine.

Contreras has not shown "reasonable diligence."  *Holland*, 560 U.S. at 653.  As noted above, Contreras acknowledges that a law clerk completed his petition by September 6, 2013, about two weeks before the limitations period expired.  Doc. 1-1 at 8, 16; Doc. 19 at 13.  All that remained was for Contreras to mail the petition to the court, yet he waited until October 4, 2013 (at the earliest), about two weeks past the deadline, to do so.  Given this delay, it cannot be said that Contreras acted with reasonable diligence.  *See Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008) (holding that the petitioner was not diligent where he failed to file his petition within the weeks remaining on the limitations period following the conclusion of state court review).

Nor has Contreras shown "that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649 (internal quotation marks omitted).  Contreras maintains that his timely filing was prevented by a lack of Spanish translation services in the law library from 2008-2009, English-only postings in the library about changes in the law, a lack of Spanish-language legal materials in the library, and erroneous advice provided by the law clerk assisting him with his habeas petition.  Doc. 1-1 at 8-9; Doc. 19 at 9-14.  The allegedly erroneous advice provided by the prison law clerk does not qualify as an extraordinary circumstance.  *See Obriecht*, 727 F.3d at 749 ("[T]he Supreme Court has made clear that a garden variety claim of attorney negligence or excusable neglect is insufficient [to establish extraordinary circumstances].  The Court has held that garden variety negligence includes a simple miscalculation that leads a lawyer to miss a filing deadline and an attorney failing to file a petition on time and appearing to be unaware of the date on which the limitations period

8

expires.") (brackets and internal quotation marks omitted); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law … is not a circumstance that justifies equitable tolling."). And even if the other obstacles alleged by Contreras could somehow qualify as extraordinary, he does not and could not plausibly explain how they *prevented* a timely filing given that his petition had been prepared by an English-proficient fellow inmate by September 6, 2013, well within the limitations period. *See Taylor*, 724 F.3d at 811-12 ("When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing, as the standard requires."). Accordingly, equitable tolling is not available to Contreras. *See Simms*, 595 F.3d at 781 (denying equitable tolling even where the petitioner missed the filing deadline by one day).

For these reasons, the Warden's motion to dismiss is granted and Contreras's petition is dismissed. Rule 11(a) of the Section 2254 Rules provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because the untimeliness of Contreras's petition is not debatable, a certificate of appealability is denied. *See ibid*. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

September 24, 2014

United States District Judge