# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SALVADOR CONTRERAS, | ) | |
| | ) | |
| Petitioner, | ) | 13 C 7306 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| KIM BUTLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### <u>M</u>EMORANDUM <u>O</u>PINION AND <u>O</u>RDER

Salvador Contreras, an Illinois prisoner, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The Warden moved to dismiss the petition, arguing that Contreras failed to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Doc. 12. The court agreed that the petition was untimely, granted the motion to dismiss, and entered judgment in the Warden's favor. Docs. 23-25 (reported at 2014 WL 4771610 (N.D. Ill. Sept. 24, 2012)). Contreras has moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59. Doc. 26. The motion is granted.

Pursuant to § 2244(d)(1)(A), the one-year statute of limitations for filing a federal habeas petition ordinarily begins to run from the date on which the state court judgment became final. Section 2244(d)(1)(B) creates an exception, providing that the limitations period will instead begin to run on "the date on which [an] impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B); *see Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005). The Seventh Circuit has made clear, consistent with

the statutory text, that "whatever constitutes an impediment must *prevent* a petitioner from filing his petition." *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007) (emphasis added).

Contreras argues that a state-created impediment prevented him from filing a timely petition under § 2244(d)(1)(A). Specifically, Contreras—a Spanish speaker who says he cannot read or write English—states that the library at his prison was "void of any Spanish law books," forcing him to rely on a "prison inmate law clerk 'delegated' by prison authorities" to prepare his petition. Doc. 26 at 3. The law clerk delivered a complete petition to Contreras in early September 2013, and had Contreras filed it then, it would have been timely under § 2244(d)(1)(A). However, the clerk allegedly told Contreras that he could not file the petition immediately, but instead "had to wait until he obtained a trust fund balance ledger from the trust-fund office [to] file his petition." *Ibid.* This advice was incorrect, although Contreras did not know it at the time. And while Contreras waited (unnecessarily) for the ledger to arrive, the § 2244(a)(1)(A) limitations period expired.

In its initial order, the court considered and rejected Contreras's argument that the prison law clerk's error should excuse his failure to file within one non-tolled year of the date his state court judgment became final. "Habeas petitioners not under a death sentence have no right to any legal representation," the court noted, "let alone a right to adequate representation, so it follows that a mistake made by a prison law clerk is not a state-created impediment." 2014 WL 4771610, at *3 (citations omitted). Contreras argues that this reasoning is undercut by *Strong v. Hulick*, 530 F. Supp. 2d 1034 (N.D. Ill. 2008), which he characterizes as holding that "bad information from a person 'delegated' by prison authorities constitutes a 'state created impediment'" for purposes of § 2244(d)(1)(B). Doc. 26 at 3.

District court decisions binding precedent, of course, but they can be persuasive authority. In *Strong*, the petitioner claimed that a prison law clerk—either a prison employee or a fellow prisoner who worked in the prison library—had given him incorrect, but widely believed, advice about his habeas filing deadline. The petitioner also claimed that he was unable to access the law library to confirm or refute this advice because of a combination of prison lockdowns and the library's policy of prioritizing inmates with more pressing deadlines. 530 F. Supp. 2d at 1036-38 & n.2. The *Strong* court noted that, as a general rule, "neither a prisoner's misunderstanding nor his lawyer's missteps constitute a state-created impediment to filing that would qualify under section 2244(d)(1)(B)." *Id*. at 1038. However, the court recognized an exception where a petitioner not only received bad advice from a prison law clerk, but who also was prevented from accessing the law library to confirm or refute that advice. *Ibid*. Accordingly, the court determined that Strong's petition was timely filed.

This court is persuaded by the legal analysis in *Strong*, at least the portions summarized above. As the Warden correctly notes, the *Strong* decision was later vacated on reconsideration in *Strong v. Gaetz*, 2009 WL 3060267 (N.D. Ill. Sept. 21, 2009). The vacatur was based on evidence uncovered at an evidentiary hearing; the court found that the petitioner in fact had not received erroneous advice and that, even if he had, it was "more likely than not that Strong would have been able to get to the library … significantly before [the filing deadline] if he had made a request for library access." *Id.* at *9. The legal basis for the court's prior ruling, however, remained unchanged. *See id.* at *8 ("Were a prison law clerk … to give an inmate, via [an] institutionalized practice, incorrect information about his filing deadline that caused the inmate to file his federal habeas corpus petition late, that advice, particularly if combined with

the resulting prioritization of law library access, would amount to a state-created impediment entitling the inmate to a later start date for the one-year limitation period.").

Contreras's reliance on *Strong* rests on an implicit analogy between a petitioner's inability to consult relevant legal materials because of restrictive library access policies and a petitioner's inability to consult relevant legal materials because of a language barrier. The Seventh Circuit has held that lack of library access may constitute a state-imposed impediment. *See Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013) (discussing a parallel provision, 28 U.S.C. § 2255(f)(2)). The Seventh Circuit has not squarely addressed whether that access must include materials in a language the petitioner can understand. Nevertheless, as practical matter, a prisoner who cannot read or understand the language in which library materials are written lacks "access" to those materials in any meaningful way. *See Sanchez v. Gaetz*, 988 F. Supp. 2d 858, 864 (N.D. Ill. 2013) ("If what Sanchez says is correct, he effectively had no law library access, because there was nothing there that he could read."). Indeed, *Estremera* itself suggests that a language barrier can be relevant in determining whether a prisoner faces an impediment to filing; there, the Seventh Circuit rejected the government's contention that electronic library access was an effective substitute for physical access because, although "Estremera is literate in English, … we don't know whether he would be competent to use Westlaw or Lexis without assistance." 724 F.3d at 776. If electronic library access is insufficient for an otherwise literate prisoner unfamiliar with legal research databases, it is hard to see how physical library access could suffice for a prisoner who cannot read, much less understand, what he finds in the library's books. *Cf. Lewis v. Casey*, 518 U.S. 343, 356 (1996) (rejecting the argument that "all inmates, including the … non-English speaking, have a

[constitutional] right to nothing more than physical access to excellent libraries, plus help from legal assistants and law clerks") (internal quotation marks and emphasis omitted).

The Warden emphasizes that habeas petitioners like Contreras do not have a right to *any* counsel, let alone competent counsel. *See Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005); *Ballinger v. United States*, 379 F.3d 427, 430 (7th Cir. 2004). That is true, and the Warden's emphasis of this point is understandable given the reasoning in the court's original order. Yet on reconsideration, it is clear that Contreras's argument is not that the State failed to give him counsel, competent or not. Nor is his argument that he misunderstood the procedural requirements himself. His argument, rather, is that the State failed to give him *even an opportunity* to ascertain the procedural requirements for filing his habeas petition, thereby leaving him to rely entirely on a prison law clerk who, as it turned out, did not understand those requirements either. The court agrees that in these circumstances—bad advice from a prison law clerk affiliated with the prison library regarding the procedural requirements for filing a federal habeas petition, plus a lack of intelligible materials to allow the prisoner to confirm or dispel that advice—the petitioner is prevented by a state-created impediment from filing his petition.

In so holding, the court recognizes that two appeals courts have held that a non-English-speaking prisoner cannot toll the statute of limitations if, as here, he finds an English-speaking inmate to help prepare his petition—even if that English-speaking inmate makes a crippling procedural error. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) ("a petitioner who … has the assistance of a translator would be barred from equitable relief"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner"). But both *Mendoza* and *Cobas* addressed equitable tolling, not statutory tolling under § 2244(d)(1)(B), (C),

or (D).  *Cobas* did not so much as mention the specific provision cited by Contreras, § 2244(d)(1)(B), and *Mendoza* mentioned it only to note explicitly that it was *not* reaching the statutory tolling question.  *See* 449 F.3d at 1069 n.3 ("The COA in this case … included only the equitable tolling issue.").  As a result, those decisions are inapposite.  *See Estremera*, 724 F.3d at 777 (distinguishing Seventh Circuit decisions holding that lack of library access does not justify equitable tolling, reasoning that "Estremera doesn't propose common-law tolling; he invokes § 2255(f)(2)").

The foregoing analysis assumes that Contreras really was unable to access and understand the relevant legal materials in the prison's law library, and that he really did reasonably rely on a prison law clerk's bad advice in choosing not to file until his trust fund ledger arrived.  (Recall the *Strong* court's vacatur of its original decision following the evidentiary hearing.)  However, the Warden does not presently challenge the veracity of Contreras's factual submissions, which are accepted as true at this juncture.

In sum, Contreras's motion to alter or amend the judgment is granted.  The judgment dismissing Contreras's habeas petition is vacated, the Warden's motion to dismiss is denied, and this case is reinstated on the court's docket.  The Warden shall answer the petition by March 11, 2015.

February 11, 2015

_____
United States District Judge